**ZHONG KAI ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 08–0300–ag.

United States Court of Appeals, Second Circuit.

June 23, 2009.

David J. Rodkin, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Kristina R. Sracic, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zhong Kai Zheng, a native and citizen of the People's Republic of China, seeks review of a December 20, 2007 order of the BIA affirming the January 25, 2006 deci-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

sion of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Kai Zheng,* No. A98 491 295 (B.I.A. Dec. 20, 2007), *aff'g* No. A98 491 295 (Immig. Ct. N.Y. City Jan. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

The agency's adverse credibility finding is supported by substantial evidence. The IJ relied on the inconsistency between [i] Zheng's initial claim that his wife's second pregnancy was forcibly aborted and that he had been beaten by family planning officials, and [ii] his subsequent claim that he is single, but fears sterilization if he ever does marry and have children. The IJ further relied on Zheng's admitted willingness to fabricate his initial claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003); *see also Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) (holding that it is reasonable for the agency to base its credibility finding "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses."). Zheng's explanation for these inconsistencies—*i.g.* that he recited before the Asylum Officer what a snakehead had told him to say—was an acknowledgment of prior false testimony that only bolstered the IJ's credibility determination. *See Siewe v. Gonzales,* 480 F.3d 160,

170 (2d Cir.2007). Accordingly, the denial of Zheng's application for asylum was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95.

Inasmuch as Zheng based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Finally, because Zheng fails to challenge the agency's denial of his CAT claim, we consider any such claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).